UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
FREIDRICH LU,                      )
          Plaintiff,               )
                                   )     C.A. No. 01-11384-MLW
     v.                            )
                                   )
CHING-JU CHANG, ET AL.,            )
          Defendant.               )
```

ORDER

WOLF, D.J.                                          February 5, 2001

On July 31, 2001, plaintiff Fredrich Lu filed this, his fourteenth, civil action in this District Court. The court reviewed the complaint prior to service of process in accordance with 28 U.S.C. § 1915(e)(2) and concluded that the complaint fails to state a claim on which relief can be granted under 42 U.S.C. § 1983 (2000). On September 16, 2001, the court issued a detailed order (the "September 16, 2001 Order) outlining the deficiencies in the complaint and ordering plaintiff to show cause why the case should not be dismissed within thirty-five days.

The plaintiff failed to address the concerns expressed by this court in the September 16, 2001 Order. Consequently, on November 6, 2001, this court issued an order (the November 6, 2001 Order) dismissing the case with prejudice.

1

On November 13, 2001, the plaintiff submitted a letter (Docket No. 6) challenging the dismissal with prejudice. Because the plaintiff is proceeding pro se, the court construed plaintiff's November 13, 2001 letter as a motion to reconsider this court's November 6, 2001 Order (the "Motion to Reconsider"). See Strahan v. Coxe, 127 F.3d. 155, 158 n.1 (1st Cir. 1997) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

First, plaintiff's Motion to Reconsider challenges the court's power, pursuant to 28 U.S.C. § 1915(e), to dismiss this case with prejudice. Pls. Mot. to Reconsider, at 1. Section 1915(e)(2) permits a district court to "dismiss the case at any time if the court determines that . . . (B) the alleged action or appeal . . . (ii) fails to state a claim on which relief may be granted . . . ." The Court of Appeals for the First Circuit has affirmed dismissal with prejudice in circumstances similar to those in this case. See Harmon v. Bullock, 2001 WL 1388913, at **1 (1st Cir. Oct. 9, 2001). This court finds that dismissal of plaintiff's case with prejudice was permissible. It also was appropriate because plaintiff was given clear notice of the deficiencies and cannot state a claim under 42 U.S.C. § 1983.

Second, plaintiff's Motion to Reconsider challenges whether "the dismissal order cover[ed] [his] supplemental complaint, which was filed after your September 16, "order" but prior to the